UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TYRUS REID DRANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:26-cv-00123-JRO-MJD |
| | ) |
| ED GARCIA, | ) |
| S. PHIPPS, | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING COMPLAINT AND DIRECTING FILING OF AMENDED COMPLAINT**

Plaintiff Tyrus Reid Drane filed this 42 U.S.C. § 1983 lawsuit when he was incarcerated at the New Castle Correctional Facility ("New Castle").  Drane alleges that the Defendants, Ed Garcia and S. Phipps, violated his Eighth and Fourteenth Amendment rights by transferring him to New Castle for the purpose of evaluating him for a sex offender program.  Dkt. 1.  Because Drane was a "prisoner" when he filed this complaint, this Court must screen the complaint before service on the Defendants.  28 U.S.C. § 1915A(a), (c).

**I.**

**SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6).  *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim to

relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The

Court construes *pro se* complaints liberally and holds them to a "less stringent

standard than pleadings drafted by lawyers."  *Cesal v. Moats*, 851 F.3d 714, 720

(7th Cir. 2017).

## II.

## THE COMPLAINT

Mr. Drane's factual allegations, summarized here, are accepted as true at

the pleading stage.  *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Defendants Ed Garcia and S. Phipps work for the Indiana Department of

Corrections ("IDOC") in the classification division.  Dkt. 1 at 2.  At some point

during Drane's incarceration, Garcia put a note in the "Delta System"

recommending that Drane be sent to New Castle for a "SOMM assessment."  *Id.*

SOMM stands for "sex offender management and monitoring," and it is a

statewide program aimed at reducing recidivism among convicted sex offenders.

*Id.* at 3.

Drane was convicted of criminal confinement resulting in bodily injury

where the victim is over the age of 18.  *Id.*; *see* Ind. Code § 35-42-3-3.  Under

Indiana law, this conviction does not make Drane a "sex offender."  *Id.* (citing

Ind. Code § 11-8-8-4.5).  Drane contends that his transfer to New Castle for the SOMM evaluation harmed his reputation and caused mental anguish, physical injuries, and lost wages.  *Id.*  Drane seeks monetary damages.

### III.

### DISMISSAL OF COMPLAINT

Drane alleges that Defendants violated his rights under the Eighth and Fourteenth Amendments of the U.S. Constitution as well as Article 1, Section 12 of the Indiana Constitution.  Dkt. 1 at 2.  When a pro se litigant expressly states the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory.  *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)).  Thus, the Court analyzes Drane's claims only under the theories he has identified.  For the reasons explained below, the Court **dismisses** Drane's federal claims for **failure to state a claim** and declines to exercise jurisdiction over his state law claims.

### A.    The Eighth Amendment

First, the allegations in the complaint do not state an Eighth Amendment claim.  To plead an Eighth Amendment claim, Drane must allege that Defendants (1) subjected him to sufficiently serious conditions, creating an excess risk to his health and safety, and (2) had a subjectively culpable state of mind.  *See Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (citations omitted).  Conditions are "sufficiently serious" when they deny inmates "the minimal civilized measure of

3

life's necessities," creating an "excessive risk to the inmate's health and safety.'" *Id.* at 521 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Adequate food and facilities to wash and use the toilet are among the minimal civilized measure of life's necessities . . . that must be afforded prisoners." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012) (internal quotation and citation omitted). In and of itself, a prison official's decision to transfer an inmate to another prison or to restricted housing within a prison does not deprive the inmate of life's necessities. *See Isby*, 856 F.3d at 521. The complaint also does not allege that Defendants deprived Drane of life's necessities by evaluating him for sex offender programing. Indeed, it is unclear whether Drane actually was evaluated for the SOMM program and if so, whether he had to participate in the program. Thus, the Court **dismisses** Drane's Eighth Amendment claim.

## B.     The Fourteenth Amendment's Due Process Clause

Second, the complaint does not state a Fourteenth Amendment claim. The Fourteenth Amendment's Due Process Clause provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. "The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999). Liberty interests "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995) (internal citations omitted). Thus, the Constitution does not create a due process liberty

interest in avoiding transfer or remaining in the general prison population unless the transfer leads to conditions that are dramatically harder than the basic conditions of the inmate's sentence. *Id.* at 485; *see also Wilkinson v. Austin*, 545 U.S. 209, 222–24 (2005) (discussing the *Sandin* standard). Without more information about the conditions at New Castle and the SOMM evaluation process, the Court cannot infer that Defendants' decision to transfer Drane caused atypical and significant hardship. Thus, the complaint does not allege that Defendants violated Drane's Fourteenth Amendment rights by recommending the transfer.

Drane also alleges that Defendants defamed him by transferring him to New Castle for SOMM evaluation. Defamation alone does not deprive a person of a liberty interest under the Fourteenth Amendment unless it inflicts reputational damage *and* alters the person's legal status. *Hinkle v. White*, 793 F.3d 764, 767 (7th Cir. 2015) ("'[M]ere defamation by the government does not deprive a person of 'liberty' protected by the Fourteenth Amendment, even when it causes serious impairment of one's future employment.'" (quoting *Hojnacki v. Klein-Acosta*, 285 F.3d 544, 548 (7th Cir. 2002))). For example, in *Paul v. Davis*, the Supreme Court held that the police did not violate the plaintiff's due process rights by posting flyers that falsely accused him of shoplifting because the fliers did not alter his legal status. 424 U.S. 693, 711 (1976) (explaining that defamation does not invoke the Due Process Clause without an "alteration," "officially removing the interest from the recognition and protection previously afforded by the State . . . But the interest in reputation alone which respondent

5

seeks to vindicate in this action in federal court is quite different from the 'liberty' or 'property' recognized in [previous] decisions"). In contrast, the Seventh Circuit explained that one's placement on Indiana's public-facing tiered violent sex offender registry likely satisfied the "stigma plus" threshold in *Paul*. *Schepers v. Comm'r, Ind. Dep't of Corr.*, 691 F.3d 909, 914–15 (7th Cir. 2012). Here, however, Drane alleges only that he was transferred to New Castle to be evaluated for SOMM. He does not allege that he was officially classified as a sex offender. He does not allege that he has to register as a sex offender in Indiana and adhere to the additional restrictions associated with the registry. As seen above, the complaint does not allege that Drane even had to participate in the SOMM programming. Thus, the complaint, even construed in a light most favorable to Drane, alleges only a potential injury to reputation, not an actual injury. And even if it did allege an actual injury, injury to reputation alone does not implicate the Due Process Clause. Therefore, the Court must **dismiss** Drane's Fourteenth Amendment claim for failure to state a claim.

## C.    Article 1, Section 12 of the Indiana Constitution

Article 1, Section 12 of the Indiana Constitution states that "[a]ll courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." The Court interprets Drane's citation of Article 1, Section 12 to allege a state law defamation claim against Defendants, given that Indiana's "Open Courts Clause" provides no private right of action. *Blanck v.*

6

*Ind. Dep't of Corr.*, 829 N.E.2d 505, 511 (Ind. 2005) ("[W]e have never held that the Open Courts Clause provides a substantive "right" of access to the courts or to bring a particular cause of action to remedy an asserted wrong. . . . [T]he Open Courts Clause itself, however, does not confer subject matter jurisdiction, at least not over claims challenging judicial review of prison disciplinary decisions." (citing *Martin v. Richey*, 711 N.E.2d 1273, 1283 (Ind. 1999))).[1]

Because the Court has dismissed Drane's federal constitutional claims, it declines to exercise supplemental jurisdiction over any potential state law claims. *See* 42 U.S.C. § 1367(c)(3); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see also* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); *Dietchweiler ex rel. Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) ("Indeed, when the federal claims are dismissed before trial, there is a presumption that the court will relinquish jurisdiction over any remaining state law claims."). The Court will reassess these claims if Drane amends his complaint and the Court allows federal claims to proceed in this matter.

---

[1] Further, Indiana law does not create a cause of action for damages similar to 42 U.S.C. § 1983 for alleged violations of the Indiana Constitution. *Cantrell v. Morris*, 849 N.E.2d 488, 493 (Ind. 2006) ("A few states have enacted statutes creating or regulating claims for damages for state constitutional torts. Indiana, however, has no statutory provision comparable to 42 U.S.C. section 1983 creating an explicit civil remedy for constitutional violations by either individual officers or governmental entities.").

## IV.

### OPPORTUNITY TO FILE AN AMENDED COMPLAINT

In the interest of justice, the Court will allow Drane to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022–23 (7th Cir. 2013).

Drane shall have **through May 4, 2026, to file an amended complaint.**

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, Drane should use the Court's complaint form. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983). The **clerk is directed** to send Drane a pro se complaint form along with his copy of this order.

Any amended complaint should have the proper case number, **1:26-cv-00123-JRO-MJD,** and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended

8

complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation Drane wishes to pursue in this action.

If Drane files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 4/7/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

TYRUS REID DRANE
4634 Payton Ave
Indianapolis, IN 46226

9