UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TYRUS REID DRANE,                        )
                                         )
                Plaintiff,               )
                                         )
        v.                               )    No. 1:26-cv-00123-JRO-MJD
                                         )
ED GARCIA,                               )
S. PHIPPS,                               )
                                         )
                Defendants.              )

**ORDER DISMISSING AMENDED COMPLAINT AND
DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Tyrus Reid Drane filed this 42 U.S.C. § 1983 lawsuit when he was incarcerated at the New Castle Correctional Facility ("New Castle"). The Court screened Drane's complaint, dismissed his claims for failure to state a claim, and directed him to file an amended complaint. Dkt. 21. Drane has now filed an amended complaint, which the Court screens pursuant to 28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE AMENDED COMPLAINT

Drane's factual allegations, summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Defendants Ed Garcia and S. Phipps work for the Indiana Department of Corrections ("IDOC") in the classification division. Dkt. 23 at 2.

Drane was originally charged with attempted rape and criminal confinement, but he was only convicted of criminal confinement. *Id.* at 3. During his sentencing, the trial court ordered that Drane was not to be labeled as a sex offender or subjected to any sex-offender related conditions. *Id.*

Upon his incarceration, Drane had a low security classification of Level 1, and he was recommended for placement in a low security facility. *Id.* However, without notice or hearing, Defendant Ed Garcia increased Drane's security classification to Level 2. *Id.* As a result, Drane was transferred to New Castle, a prison that houses and manages sex offenders, for the purpose of being evaluated for the SOMM program. *Id.* SOMM stands for "sex offender management and monitoring," and it is a statewide program aimed at reducing

recidivism among convicted sex offenders. *Id.* Drane alleges that Mr. Garcia's decision contradicted the judge's sentencing order. *Id.* Drane filed grievances and classification appeals, but they were denied without meaningful review. *Id.* at 4.

Drane contends that his transfer to New Castle for the SOMM evaluation stigmatized him and altered his legal status by increasing his security level classification and removing him from a low security prison. *Id.* As a result, Drane suffered loss of liberty and property as well as emotional distress. *Id.*

Drane seeks monetary damages.

### III. DISMISSAL OF COMPLAINT

Drane alleges that the Defendants violated his rights under the Fourteenth Amendment. When a pro se litigant expressly states the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory. *See Larry v. Goldsmith,* 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury,* 559 F.3d 595, 606–07 (7th Cir. 2009)). Thus, the Court analyzes Drane's claims only under the theory he has identified.

Drane's amended complaint does not state a Fourteenth Amendment claim for the same reasons stated in the Court's original screening order. Dkt. 21. The Fourteenth Amendment's Due Process Clause provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. "The first inquiry in every due process

challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999).

In its previous screening order, the Court explained that Drane had not adequately alleged the first element of a Fourteenth Amendment due process claim—deprivation of life, liberty, or property. Dkt. 21 at 4–6. This is because the Supreme Court has found that, in the context of prisons, liberty interests "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995) (internal citations omitted). Thus, the Constitution does not create a due process liberty interest in avoiding transfer or remaining in the general prison population unless the transfer leads to conditions that are dramatically harder than the basic conditions of the inmate's sentence. *Id.* at 485; *see, e.g., Wilkinson v. Austin*, 545 U.S. 209, 222–24 (2005) (discussing the *Sandin* standard and finding that indefinite transfer to a "supermax" facility, where all human contact was prohibited, lights were on for 24 hours a day, and inmates could only exercise 1 hour a day in a small indoor room, invoked a liberty interest by imposing a significant and atypical hardship). Furthermore, "Indiana's statutory inmate classification procedures do not create an interest that is protected by the Fourteenth Amendment's Due Process Clause." *Ross v. Indiana Dep't of Corr.*, 2026 WL 886269, at *2 (S.D. Ind. Apr. 1, 2026). The Seventh Circuit has held that "[u]nder Indiana law, state prisoners have no right to be assigned any particular security classification." *Kincaid v. Duckworth*, 689 F.2d 702, 704 (7th

Cir. 1982).    This means that the fact that Defendants changed Drane's classification from Level 1 to Level 2 does not, in and of itself, deprive Drane of a liberty interest recognized by the Fourteenth Amendment.

Therefore, the key inquiry here is whether the amended complaint alleges that Drane's transfer to New Castle to be evaluated for SOMM imposed an atypical and significant hardship on Drane when considering the ordinary constraints of prison life.    Drane's amended complaint does not plausibly allege that the transfer imposed atypical and significant hardship.    For one, the amended complaint still does not state whether Drane actually had to complete the SOMM programming or whether he was just evaluated for it.    There are no details about the nature of the program and whether it subjected Drane to harsh conditions not endured by other prisoners.    There is simply no information allowing the Court to infer that the evaluation imposed a significant hardship other than stigma.

The amended complaint also fails to state a Fourteenth Amendment claim related to the stigma of being placed in New Castle for the same reasons stated in the original screening order.    Drane may have endured stigma by being placed in New Castle for SOMM evaluation.[1]    But, the amended complaint does not show how Drane's legal status was altered by his transfer.    In fact, the amended complaint makes clear that Drane is *not* subject to being classified as a sex offender who would be subject to additional constraints on liberty.    Accordingly,

---

[1] Though, the Court notes this district has adjudicated many plaintiffs' cases from New Castle who were not incarcerated for sexual offenses.    New Castle does not house *only* inmates who have been convicted of sexual offenses.

Drane has not stated a Fourteenth Amendment claim for defamation. *See Paul v. Davis*, 424 U.S. 693, 711 (1976) (explaining that defamation does not invoke the Due Process Clause without an "alteration," "officially removing the interest from the recognition and protection previously afforded by the State . . . . But the interest in reputation alone which respondent seeks to vindicate in this action in federal court is quite different from the 'liberty' or 'property' recognized in [previous] decisions").

Therefore, the Court must **dismiss** Drane's Fourteenth Amendment claims for failure to state a claim.

### IV. CONCLUSION

For the reasons stated in the Court's screening orders, Drane's allegations are insufficient to state a claim. Therefore, this action is **dismissed with prejudice for failure to state a claim upon which relief can be granted**. 28 U.S.C. § 1915A; *see also Childress v. Walker*, 787 F.3d 433, 441 (7th Cir. 2015); *Paul v. Marberry,* 658 F.3d 702, 705 (7th Cir. 2011).

Final judgment shall now issue by separate entry.

**SO ORDERED.**

Date: June 17, 2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

TYRUS REID DRANE
4634 Payton Ave
Indianapolis, IN 46226